The document below is hereby signed.

Signed: June 10, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
RUTH HELEN LAWRENCE,               )   Case No. 17-00233
                                   )   (Chapter 13)
              Debtor.              )   Not for publication in
                                   )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S
MOTION TO RECONSIDER ORDER OF DISMISSAL AND REINSTATE CASE

The debtor has filed a *Praecipe* (Dkt. No. 91), wherein she is seeking to have her case reinstated, that is essentially a motion to reconsider the *Order Dismissing Case* (Dkt. No. 89). For the reasons stated below, the debtor's *Praecipe* will be denied.

I

The debtor is the owner of property located at 3006-3010 Martin Luther King Jr. Avenue, Washington, D.C. 20032 (the "Property"). The Property has been classified by the District of Columbia at a class 4 tax rate, accruing tax liability at an accelerated rate of 10%, because the property was determined to be vacant and blighted. Moreover, the Property became subject to a tax lien for several years of nonpayment of taxes. On July 15,

2015, the District's Office of Tax and Revenue sold the property pursuant to a tax sale to ACT Realty, LLC.

On April 21, 2016, ACT Realty filed a foreclosure complaint in the Superior Court of the District of Columbia on its tax lien pursuant to D.C. Code § 47-1370.  The debtor initiated this bankruptcy case by the filing of a voluntary petition on April 24, 2017, which halted the foreclosure proceeding.

The debtor's Fifth Amended Chapter 13 Plan (the "Plan") was confirmed on July 2, 2018.  The debtor failed to maintain real property taxes or pay accumulating postpetition real property taxes on the Property.  ACT Realty filed a motion to lift the automatic stay (Dkt. No. 62) on October 11, 2018.  A hearing was held on the motion to lift the automatic stay on March 28, 2019.  The debtor consented to the lifting of the automatic stay at the hearing, and the court lifted the automatic stay to allow the foreclosure proceeding to continue.

The debtor entered into a Memorandum of Understanding sometime in November 2018 with Monique Zalsoz and Michael Greenfield "to establish framework of partnership to address the structure of a team to pursue the development of [the Property]." Memorandum of Understanding 1 (Nov. 5, 2018).  Sometime in March 2019, the debtor entered into a Teaming Agreement, with the purpose of developing the Property by pooling "capabilities, resources and finances."  Teaming Agreement 1 (Jan. 31, 2019).

In that agreement, the debtor, through E Town Trollie Trust, an entity she owned, agreed to transfer the Property to a new entity to be created by the parties of the Teaming Agreement. Pursuant to that agreement, on March 15, 2019, the debtor signed a *Quit Claim Deed* conveying the Property to 3010 MLK Jr. Ave LLC for $1. The debtor never filed a motion to sale the property pursuant to 11 U.S.C. § 363 or provided any notice to creditors that she was conveying the Property to MLK Jr. Ave LLC.

The chapter 13 trustee filed a *Motion to Dismiss With Prejudice and Notice of an Opportunity for a Hearing* on March 25, 2019, asserting that the transfer of the Property pursuant to the *Quit Claim Deed* was done in bad faith because the debtor transferred property of the bankruptcy estate without court authorization and to the detriment of the bankruptcy estate. The trustee included a notice of opportunity to object giving the debtor 21 days to file an objection. The debtor never filed an opposition to the *Motion to Dismiss With Prejudice*. The District of Columbia, on the other hand, filed *District of Columbia's Motion in Support of the Chapter 13 Trustee's Motion to Dismiss With Prejudice* (Dkt. No. 83). The court granted the chapter 13 trustee's motion and dismissed the case with prejudice on April 18, 2019.

The debtor filed her *Praecipe* on April 26, 2019. She contends, without explanation, that she was not given an

opportunity to defend against the allegation of bad faith. She asserts that she was not acting in bad faith, but was seeking via the partnership (presumably meaning the Teaming Agreement) to obtain the funds to pay the taxes and make the mortgage current. She further contends that she was misinformed and unable to make informed decisions. She asserts, in support, that her attorney knew her purpose was to obtain the funds to pay the taxes and make the mortgage current, but he never advised her "that it was not in my best interest to try and find resources to remedy my situation, nor did he inform me that I needed to give Notice of Proposed Transfer."

The District of Columbia filed an opposition to the debtor's *Praecipe* on May 3, 2019.

II

The debtor filed her *Praecipe* within 14 days of the entering of the *Order Dismissing Case*, accordingly, the court considers the motion under Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023. Under Rule 59(e), a court may reconsider a final order if the "court finds that there is an intervening change of controlling law, the availability of new evidence, or to correct a clear legal error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances."

4

*Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.C. 2001).

The debtor has not shown that she is entitled to relief under Rule 59. There has not been, and the debtor does not allege, any change in the controlling law. The debtor does not provide any new evidence that was unavailable during the response period to the *Motion of Dismissal With Prejudice*. *Niedermeier*, 153 F. Supp. 2d at 29 ("Courts routinely deny Rule 59(e) motions where all relevant facts were known by the party prior to the entry of judgment and the party failed to present those facts."). Neither has the debtor shown a clear legal error.

The debtor makes two assertions that may be read as assertions of a manifest injustice. The debtor contends that she was never given an opportunity to defend against the allegation of bad faith, and was never advised by her attorney that she was required to provide notice of the transfer of title. The debtor has, however, failed to show that these issues, if true, constitute a manifest injustice necessitating the reconsideration of the dismissal of this case.

First, the debtor's assertion that she did not have an opportunity to present her defense is not accurate. The trustee served the *Motion to Dismiss With Prejudice* on the debtor's counsel, and on the debtor herself, with a notice of opportunity to oppose informing the debtor that she had 21 days to file an

5

opposition the motion.  The debtor never filed an opposition to the *Motion for Dismissal With Prejudice*, even though the debtor had plenty of time to do so.

Second, the debtor's allegations regarding her attorney could have been raised in opposition to the motion to dismiss, and, in any event, those allegations fail to establish extraordinary circumstances.  Extraordinary circumstances can be established by showing that the counsel was grossly negligent. *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1121 (D.C. Cir. 2011) ("[The U.S. Court of Appeals for the District of Columbia Circuit] has also held that there were 'extraordinary circumstances' warranting Rule 60(b)(6) relief where an attorney was 'grossly negligent.'"[1]) (citing *L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235-36 (D.C. Cir. 1964)).  This stems from the reasoning that the debtor chose her counsel to represent her as her agent, and is bound under the principles of agency by the actions, or inactions, of her agent. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962).

Insofar as the debtor is asserting that the case was dismissed due to ineffective counsel, for failure to advise the

---

[1] The term "extraordinary circumstances" has the same meaning in a Fed. R. Civ. P. 60(b)(6) analysis as in a Rule 59 analysis. *See Bergman v. Mnuchin*, No. 06-303, 2017 WL 6886091, at *2 (D.D.C. Oct. 3, 2017) ("None of these arguments identify any extraordinary circumstances, changes in controlling law, or errors made by the Court that would warrant relief under Rule 59(e) or 60(b).").

debtor of her responsibility to notify creditors before transferring estate property, the debtor has not shown gross negligence establishing extraordinary circumstances. The debtor's vague reference to her counsel knowing what her partnership plan was does not indicate that she ever asked her counsel whether she was free to actually enter into the partnership agreement and make a conveyance of the Property, without a court order,[2] nor does the debtor contend that her counsel advised her that she was free, without an order of the court, to convey the Property to a third party for $1.

III

For all these reasons, it is

ORDERED that the debtor's *Praecipe* (Dkt. No. 91) read as a motion to reconsider is DENIED.

[Signed and dated above.]

Copies to: Debtor, recipients of e-notifications of orders.

---

[2] In this regard, the debtor's confirmed chapter 13 plan proposed a sale of another property, but made clear that such a sale would require court approval, by providing: "The real property at 3616 Horner Place, SE Washington, DC 20032 shall be sold in months 15-36 contingent with Court approval . . . ."